**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:20-CV-00852-BJB-RSE**

**JOHN RILEY RUSSELL, III**                                                          **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*[1]                        **DEFENDANT**

## REPORT AND RECOMMENDATION

The Commissioner of Social Security denied John Riley Russell, III's ("Russell's") application for disability insurance benefits. Plaintiff seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (DN 1). Both Plaintiff (DN 13) and the Commissioner (DN 18) have filed a Fact and Law Summary. The District Judge has referred this case to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law, and Recommendations. 28 U.S.C. § 636(b)(1)(B). (DN 12).

I. Findings of Fact

John Riley Russell, III is sixty years old, holds a college degree, and lives with his wife in Louisville, Kentucky. (Tr. 30, 31, 37). Russell is presently unemployed but has past relevant work experience as a supervisor in aircraft materials distribution at United Parcel Service ("UPS") from November 1981 to December 2016. (*Id.*). On December 7, 2017, Russell protectively applied for disability insurance benefits ("DIB") from the Social Security Administration under Titles II and XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3)("Act"), alleging disability beginning on

---

1 Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

June 1, 2017. (Tr. 74–76). He later amended his onset date to July 26, 2017. (*See* Tr. 29). Russell claimed he could not perform work at substantial gainful levels due to congestive heart failure, cardiomyopathy, and sleep apnea. (Tr. 50, 60). His applications were denied initially on April 4, 2018 (Tr. 77) and upon reconsideration on July 11, 2018 (Tr. 82). At Russell's request, on December 2, 2019, a video hearing was conducted in Nashville, Tennessee before Administrative Law Judge David Ettinger ("ALJ Ettinger"). (Tr. 33–61). Russell appeared remotely from Louisville, Kentucky. (Tr. 15). ALJ Ettinger issued an unfavorable decision on November 5, 2019. (Tr. 15–21).

ALJ Ettinger applied the traditional five-step sequential analysis promulgated by the Commissioner for evaluating a disability claim, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Russell has not engaged in substantial gainful activity since June 1, 2017, the original alleged onset date. (Tr. 17). Second, Russell has the severe impairments of congestive heart failure and dilated cardiomyopathy. (Tr. 18). Russell also has the non-severe impairments of obstructive sleep apnea, premature ventricular contractions, and obesity. (*Id.*). Third, none of Russell's impairments or combination of impairments meets or medically equals the severity of a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (*Id.*). ALJ Ettinger then determined Russell has the residual functional capacity ("RFC") to perform "light work" with the following limitations:

> He cannot more than occasionally climb, balance, stoop, kneel, crouch, or crawl; he cannot be exposed to hazardous work environments; and he cannot more than occasionally be exposed to temperature extremes or respiratory irritants.

(*Id.*). Fourth, ALJ Ettinger found Russell capable of performing his past relevant work as a warehouse supervisor, as it does not require performance of activities precluded by his RFC. (Tr. 20).

Based on this evaluation, ALJ Ettinger concluded that Russell was not disabled, as defined in the Social Security Act, from June 1, 2017 through the date of his decision. (Tr. 21). Russell sought review of ALJ Ettinger's decision. (Tr. 132–49). The Appeals Council declined review on October 27, 2020. (Tr. 1). At that point, the denial became the final decision of the Commissioner, and Russell sought judicial review from this Court. (DN 1).

## II. Standard of Review

When reviewing the administrative law judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted). Instead, the Court's review of the administrative law judge's decision is limited to an inquiry as to whether his findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (internal citations omitted), and whether the administrative law judge employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## III. Conclusions of Law

Russell raises three issues for review. First, he contests ALJ Ettinger's residual functional capacity finding that he could perform light work with certain limitations. (DN 13, at PageID # 1064). Russell also takes issue with ALJ Ettinger's determination that he could perform his past

3

relevant work as a warehouse supervisor. (*Id.*). Relying on his first two substantive objections, he challenges ALJ Ettinger's ultimate disability determination. (*Id.*).

## A. Finding No. 5 – Residual Functional Capacity

Russell's argument for remand centers on ALJ Ettinger's failure to find persuasive the opinion of his treating physician, Dr. Louis Meriwether. (DN 13, at PageID # 1065–66). He criticizes ALJ Ettinger's reliance on the findings of state agency consultants Dr. Jack Reed and Dr. Timothy Gregg, stressing that "the long-standing proposition of favoring treating physicians over consulting physicians was effectively reversed." (DN 13, at PageID # 1066). The Commissioner contends that ALJ Ettinger properly weighed the conflicting findings in accordance with the new regulations, deeming persuasive those that were consistent with and supported by objective medical evidence and discounting those that were not. (DN 18, at PageID # 1088–92).

The regulations applicable to claims for disability benefits filed on or after March 27, 2017, i.e., the new regulations, changed the way the Commissioner considers medical opinion evidence. The old regulations established a hierarchy of acceptable medical source opinions, with treating physicians' opinions at the top. *Hollon v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 577, 582 (S.D. Ohio 2015). Those of examining physicians, who often see and examine a claimant only once, were next in the hierarchy, followed by non-examining physicians' opinions at the bottom. *Id.* at 582. The so-called "treating physician rule" required that a treating physician's opinion be given controlling weight if it was well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404. 1527(c)(2).

Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical

finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). The administrative law judge need only explain how he considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion(s) will be. 20 C.F.R. § 404.1520c(c)(1). The more consistent the medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive it will be. 20 C.F.R. § 404.1520c(c)(2). The administrative law judge may, but is not required to, explain how he considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he considered medical opinions. 20 C.F.R. §§ 404.1520c(b)(2)–(3). Because Russell's claims were protectively filed after March 27, 2017, the new regulations apply. Thus, ALJ Ettinger's failure to follow the defunct treating physician rule was not error.

When evaluating a claimant's residual functional capacity, the administrative law judge reviews the record as a whole, including a claimant's credible testimony and the opinions from a claimant's medical sources. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity finding is the administrative law judge's ultimate determination of what a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946.   In determining Russell's RFC, ALJ Ettinger noted the great improvements he has made since 2017, when the alleged symptoms were first documented. (Tr. 19). This included Russell's twenty-five-pound weight loss and ability to do light walking exercises without difficulty. (*Id.*). By October 2017, Russell reported no symptoms and was tolerating medication well. (*Id.*). In 2018, Russell again reported no symptoms or adverse side effects, and by year's end his cardiologist assessed

Russell's condition as "very stable" and "essentially asymptomatic." (*Id.*). Further diagnostic testing in 2019 revealed only "mild" findings, namely that physical activity resulted in fatigue, palpitations, or shortness of breath. (*Id.*). Even so, his cardiologist described Russell as stable and "doing excellent," noting shortness of breath only with heavy activity. (*Id.*).

ALJ Ettinger found the opinions of Dr. Reed and Dr. Gregg persuasive because they were consistent with the above and well supported by objective medical evidence, which generally showed only mild limitations since Russell began treatment and medication. (Tr. 20, 19). In contrast, ALJ Ettinger deemed Dr. Meriwether's proposed limitations "rather extreme," as they indicated Russell could not stand or walk for longer than three to four hours during an eight-hour workday, he could not sit for longer than two to four hours during the workday, and that after three to four hours of activity, Russell would have extreme fatigue, shortness of breath, occasional palpitations, and would require rest to recover. (Tr. 20). ALJ Ettinger considered these findings unpersuasive because they were unsupported by objective medical evidence in the record and contradicted Dr. Meriwether's own treatment notes, which indicated no more than slight limitations. (*Id.*). In addition, ALJ Ettinger pointed to internal inconsistencies, such as Dr. Meriwether's statement that Russell would experience shortness of breath only with "heavy activity" and another indicating he would be short of breath even with "little activity," when discounting his findings. (*Id.*).

ALJ Ettinger deemed Dr. Meriwether's proposed limitations unpersuasive because they were inconsistent with and unsupported by objective medical evidence in the record, including his own treatment notes. ALJ Ettinger employed the proper legal standards when assessing Dr. Meriwether's opinion and his findings are supported by substantial evidence. The Court does not recommend remand on this basis.

6

B.  Findings No. 6 – Past Relevant Work and No. 7 – Ultimate Disability

Russell also submits that he "takes exception to" Finding No. 6 and Finding No. 7 (DN 13, at PageID # 1064) but offers no further explanation. He does not contend that these findings were unsupported or put forth any arguments independent of those surrounding Dr. Meriwether's treating physician opinion. It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see also Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) (observing that "[w]e consider issues not fully developed and argued to be waived"); *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) ("We decline to identify and address the arguments that Petitioner could have made but did not, and instead find that he has waived any possible challenge[.]"). Since Russell offers these contentions wholly undeveloped, the undersigned deems them waived.

Regardless, Russell's claims would not have succeeded. ALJ Ettinger found that Russell could perform his past work as a warehouse supervisor because it would not require activities precluded by his RFC. (Tr. 20). In addition to the well-supported RFC, this finding was based on testimony by Cindy Harris, an impartial vocational expert, that a warehouse supervisor position requires only light exertion as generally performed, although Russell performed it at a "medium [exertional] level at times." (Tr. 20–21; 45–46). Consistent with the Dictionary of Occupational Titles (DOT), her testimony was credited by ALJ Ettinger. (Tr. 45–46). As previously stated, it is not the job of a reviewing court to decide questions of credibility. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted). ALJ Ettinger's Finding No. 6 was supported by substantial evidence in the record, including that which supported his RFC determination and uncontradicted testimony by the vocational expert.

The same can be said about ALJ Ettinger's ultimate disability determination. Following the five-step sequential analysis, ALJ Ettinger's inquiry ceased once Russell was deemed capable of performing his past relevant work. This was proper under the regulations. *See* 20 C.F.R. § 404.1520 ("If you can still do your past relevant work, we will find that you are not disabled."). ALJ Ettinger employed the proper legal standards throughout his decision and his disability determination is supported by substantial evidence in the record. The undersigned finds no error.

## IV.  Recommendation

For the above-stated reasons, the Court finds that the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. **IT IS THEREFORE RECOMMENDED** that the final decision of the Commissioner be **AFFIRMED.**

Regina S. Edwards, Magistrate Judge
United States District Court

February 4, 2022

## NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).


Copies:        Counsel of Record